UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| BRANDON LAMONT BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 5:22-cv-00152-GFVT-EBA |
| | ) | |
| JAMES DAVID GREEN, *Warden,* | ) | **MEMORANDUM OPINION** |
| *Eastern Kentucky Correctional Complex,* | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on Petitioner Brandon Lamont Bailey's Objections to a Report and Recommendation prepared by United States Magistrate Judge Edward B. Atkins. [R. 17.] Judge Atkins recommends that the Court dismiss Mr. Bailey's petition for writ of habeas corpus as untimely. [R. 16.] Mr. Bailey believes that the statute of limitations should be tolled. [R. 17.] But Mr. Bailey has not met his burden to toll the time limit. Accordingly, Mr. Bailey's objections **[R. 17]** are **OVERRULED**, Judge Atkins's Report and Recommendation **[R. 16]** is **ADOPTED** as and for the opinion of the Court, and Mr. Bailey's Section 2254 petition **[R. 1]** is **DISMISSED** with prejudice.

**I**

Brandon Lamont Bailey is a prisoner of the Commonwealth of Kentucky serving thirty years' imprisonment for the murder of Anthony Logan. [R. 16 at 1.] The Kentucky Supreme Court upheld his conviction on October 20, 2016. *Id.* at 2. Mr. Bailey then collaterally attacked his sentence in Fayette Circuit Court on September 22, 2017. *Id.* The Circuit Court denied his

motion, the Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review on March 17, 2021.  *Id.*

Mr. Bailey filed a Section 2254 habeas petition in this Court on May 11, 2021.  *Id.*  On June 30, 2021, the Court dismissed the petition without prejudice, per Mr. Bailey's request, so that he could pursue unexhausted ineffective assistance of counsel claims in state court.  *Id.*

Back before the Fayette Circuit Court, Mr. Bailey moved to file a belated appeal on January 25, 2022.  *Id.*  The court denied his request because Mr. Bailey filed it in the wrong court.  *Id.* at 3.  On February 14, Mr. Bailey properly filed his motion with the Kentucky Court of Appeals.  *Id.*  That court denied his motion on March 16.  *Id.*

Mr. Bailey returned to this Court and filed a second Section 2254 habeas petition on June 14, 2022.  [R. 1.]  Warden Green opposed the petition, arguing that it must be dismissed because Mr. Bailey failed to file it within the one-year statute of limitations.  [R. 11-2.]  Judge Atkins then required Mr. Bailey to justify his failure to file on time.  [R. 14.]  In response, Mr. Bailey claimed that he is entitled to equitable tolling of the statute of limitations.  [R. 15.]

Judge Atkins disagreed and prepared the instant Report and Recommendation.  [R. 16.] Therein, he recommends that the Court dismiss Mr. Bailey's petition with prejudice and decline to issue a certificate of appealability.  *Id.* at 12.  Mr. Bailey objects to Judge Ingram's Recommendation, and the matter is now ripe for review.  [R. 17.]

## II

To receive review of a magistrate judge's decision, a party must submit particularized objections to a report and recommendation within fourteen days of the date of service thereof. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984).  General objections or objections that require a judge's interpretation are

insufficient to preserve issues. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objecting party must provide sufficient specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380.

Mr. Bailey asserts two specific objections to Judge Atkins's recommendation. He argues that he is entitled to mandatory equitable tolling of the statute of limitations under *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). [R. 17 at 1–2.] Alternatively, Mr. Bailey contends that he is entitled to traditional equitable tolling of the deadline under *Holland v. Florida*, 560 U.S. 631 (2010). *Id.* at 2. The Court considers each objection in turn.

## A

Mr. Bailey cannot avail himself of mandatory equitable tolling because he delayed too long before bringing his unexhausted claims to the state court. Judge Atkins determined that Mr. Bailey's time to file his habeas petition expired on August 31, 2021, and that Mr. Bailey's petition came 288 days later. [R. 16 at 7.] A significant portion of that time passed after Mr. Bailey asked the Court to dismiss his first petition. *See id.* at 6. Mr. Bailey believes that the Court erred by dismissing his first petition rather than staying the proceeding and dismissing his unexhausted claims pursuant to the rule announced in *Palmer*. [R. 17 at 1.]

Congress enacted a "1-year period of limitation . . . for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute excludes time "during which a properly filed application for State post-conviction or other collateral review is pending . . . ." *Id.* § 2244(d)(2). Congress included this exception from the 1-year clock to promote "the exhaustion of state remedies" in furtherance of "the principles of comity, finality, and federalism." *Duncan v. Walker*, 533 U.S. 167, 178 (2001). Out of respect

3

for our system of dual sovereigns, state courts receive "the opportunity to fully consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Id.* at 179.

The exhaustion requirement creates potential unfairness for prisoners who file federal habeas petitions just within the statutory time limit that are dismissed without prejudice after the limitation period has expired. *Id.* at 181. A litigant presenting a meritorious, but unexhausted, federal claim could lose access to the federal courthouse if a district court dismisses his habeas petition to permit a state court to review the matter first. *See id.* at 182–84 (Stevens, J., concurring). Noting this problem, the Sixth Circuit adopted an approach designed to minimize potential prejudice to meritorious claims while also embracing the comity interest in encouraging litigants to promptly proceed in state court. *See Palmer*, 276 F.3d at 781 (discussing Justice Steven's concurrence).

When a habeas petitioner moves to dismiss his federal case to exhaust his claims before a state court, district courts should stay further proceedings and dismiss only the unexhausted claims. *Id.* However, the Circuit imposes time limits on petitioners. *Id.* Litigants receive thirty days to file in state court. *Id.* Then, after they exhaust the claims, they get thirty days to return to federal court. *Id.* If either condition is not met, the stay should be vacated and the case dismissed *nunc pro tunc*. *Id.* *Palmer* established a mandatory equitable tolling doctrine, subject to time constraints for litigants. *See Jones v. Klee*, 691 Fed. App'x 822, 824 (6th Cir. 2016) (citing *Palmer*, 276 F.3d at 781) ("The timely filing of an unexhausted first § 2254 petition will equitably toll the § 2244(d)(1)(A) statute of limitations if the petitioner re-files his petition within 30 days after exhausting his state court remedies."); *see also Griffin v. Rogers*, 399 F.3d 626, 6312 (6th Cir. 2005) (*Palmer* "effects a mandatory form of equitable tolling . . . ."). If a district

4

court fails to stay the case, then it must "mechanically permit a re-filing that would have been available had the case been conditionally stayed rather than dismissed." *Griffin*, 399 F.3d at 635.

Mr. Bailey complains that the Court dismissed his first habeas petition altogether, rather than staying the case. [R. 17 at 1.] He believes that, had the Court applied the rule from *Palmer* and entered a stay, his second habeas petition would be timely. *Id.* But Mr. Bailey ignores his own failure to follow the time constraints established by *Palmer*. Had the Court entered a stay, it would have been required to vacate the stay and dismiss his petition. *See Palmer*, 276 F.3d at 781.

The Court dismissed Mr. Bailey's first petition on June 30, 2021. [R. 16 at 2.] He had thirty days to file in state court to receive the benefit of the rule from *Palmer*. *See Palmer*, 276 F.3d at 781. He did not file in state court until January 24, 2022. [R. 16 at 2.] Accordingly, had the Court entered a stay, *Palmer* would require the stay to have been lifted on July 30, 2021. *See Palmer*, 276 F.3d at 781. Because *Palmer* mandates the vacation to be *nunc pro tunc*, it would have been retroactive, meaning the statute of limitations clock continued to run. *Id.*; *see also Othman v. Miniard*, No. 21-1436, 2022 U.S. App. LEXIS 489, at *5 (6th Cir. Jan. 6, 2022) ("[T]he district court properly vacated the stay 'as of the date the extension of time was entered' and dismissed the petition."). The mandatory tolling rule from *Palmer* creates no error in Judge Atkin's conclusion that Mr. Bailey's statute of limitations expired during the sixth months between the dismissal of his first habeas petition and his subsequent state court filing. [*See* R. 16 at 6–7.]

**B**

Mr. Bailey is also not entitled to traditional equitable tolling. Even if a petitioner fails to observe the 30-day windows established in *Palmer*, courts "may still toll the limitations period

based on the traditional equitable factors . . . ." *Griffin*, 399 F.3d at 631.  To determine whether a petitioner merits traditional equitable tolling of the statute of limitations, courts must consider (1) whether the petitioner has been pursuing his rights diligently and (2) whether some extraordinary circumstance stood in his way and prevented timely filing.  *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011).  The habeas petitioner bears the burden of demonstrating that both factors are met.  *Hall*, 662 F.3d at 750.

## 1

Judge Atkins determined that Mr. Bailey could not show that he diligently pursued relief from the state court.  [R. 16 at 8.]  Specifically, Judge Atkins rejected Mr. Bailey's argument that his need to gather evidence to present in state court justified a six-month delay.  *Id.*  In his objections to Judge Atkins's recommended disposition, Mr. Bailey reasserts that justification and cites a Sixth Circuit case that awarded equitable tolling despite a longer delay.  [R. 17 at 2 (citing *Griffin*, 399 F.3d at 626).]

Mr. Bailey's reliance on *Griffin* is misplaced.  The panel in that case based its decision on an old five-factor test for equitable tolling.  *Griffin*, 399 F.3d at 635–36.  After the Supreme Court issued its opinion in *Holland v. Florida*, the Circuit acknowledged that test is no longer valid.  *Hall*, 662 F.3d at 750.  The *Griffin* panel relied heavily on one of the defunct factors: whether the petitioner could show a "[l]ack of actual or constructive knowledge of the filing requirement and reasonable ignorance."  *Griffin*, 399 F.3d at 636.  Ms. Griffin's failure to comply with a filing requirement was unique.  The Sixth Circuit created the rule at issue in 2002.  *Id.*  The Government argued that it should be applied to a filing from 1998.  *Id.*  Accordingly, it was implausible that Ms. Griffin could have known about the rule, much less that it would be applied

retroactively to her.  *Id.*  Under the circumstances, a six- and one-half month delay did not indicate a lack of diligence.  *Id.* at 637.

Mr. Bailey has not pointed to anything that justifies his tardiness.  Before Judge Atkins, he offered vague references to his need to collect evidence for his state proceeding.  [R. 15 at 3.] His objection to Judge Atkins's recommendation merely repeats those assertions.  *Id.*  That said, even assuming that Mr. Bailey was diligently gathering evidence for his state court arguments, he is not entitled to equitable tolling because he has not shown that an extraordinary circumstance prevented him from filing on time.

**2**

A petitioner's mental incompetence can be an extraordinary circumstance that tolls the Section 2244 statute of limitations.  *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).  Mental illness is not the same as mental incompetence.  *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017) (citing *Cowans v. Bagley*, 639 F.3d 241, 247–48 (6th Cir. 2011)).  An unsupported assertion of mental incompetence does not toll the time limit.  *Ata*, 662 F.3d at 742. There must be a causal link between the mental condition and the untimely filing.  *Id.*  The petitioners bears the burden of demonstrating (1) his mental incompetence and (2) that his mental incompetence caused his failure to comply with the statute of limitations.  *Watkins*, 854 F.3d at 851 (citing *Ata*, 662 F.3d at 742).

Mr. Bailey alleges that he suffers from Bipolar Disorder and Paranoid Schizophrenia.  [R. 15 at 3.]  He claims that these conditions cause him to miss details, such as deadlines, and inhibit his ability to seek help from others.  *Id.* at 3–4.  Judge Ingram found these blanket assertions insufficient to show a connection between Mr. Bailey's mental illness and his late filing.  [R. 16

at 10.]  In his objection, Mr. Bailey clarifies that "he is simply put unable to function as a normal person" and that "[h]is mental state causes [him] to move slower [than] most . . . ."  [R. 17 at 2.]

Even assuming that Mr. Bailey's conditions render him mentally incompetent, he fails to establish that they caused his failure to file on time.  Mr. Bailey's new arguments still do not demonstrate a concrete connection with his late filing.  Moreover, evidence that the petitioner made timely filings during the period that he claims incompetence undercuts the causation inquiry.  *Watkins*, 854 F.3d at 852.  As Judge Atkins put it, "that [Mr.] Bailey timely prepared and filed his first Section 2254 petition severely undercuts his argument that he is mentally incapable of doing so."  [R. 16 at 10.]  Mr. Bailey has not met his burden to show that his mental incompetence prevented him from filing on time.

### III

Mr. Bailey's objections do not present a reason to disturb Judge Atkins's recommended disposition.  Mr. Bailey cannot avail himself of either mandatory or equitable tolling of the statute of limitations.  His second Section 2254 petition must be dismissed as untimely.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Bailey's Objections **[R. 16]** are **OVERRULED**;

2. Judge Atkins's Report and Recommendation **[R. 16]** is **ADOPTED** as and for the opinion of the Court;

3. Mr. Bailey's Section 2254 petition **[R. 1]** is **DISMISSED** with prejudice;

4. A Certificate of Appealability is **DENIED** as to all issues raised; and

5. Judgment in this matter will follow promptly.

This the 22nd day of June 2023.

Gregory F. Van Tatenhove
United States District Judge